UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

John F. Chagnon

   v.                                     Civil No. 11-cv-474-PB

Abner Concepcion et al.

**O R D E R**

Pro se plaintiff, John Chagnon, has filed a complaint (doc. no. 1) and an addendum (doc. no. 4), asserting that defendant Abner Concepcion, Manager of the Boston Veterans Affairs Regional Office ("VARO"), has treated Chagnon negligently and abusively, in connection with the Boston VARO's processing and denial of Chagnon's veterans benefits claim for Post-Traumatic Stress Disorder ("PTSD"), and in causing Chagnon's supplemental security income ("SSI") disability payments to be reduced in 2010 and 2011.  Chagnon has also named Eric Shinseki, United States Department of Veterans Affairs ("VA") Secretary, as a defendant.  Because Chagnon is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review.  See 28 U.S.C. § 1915(e); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

Also pending is Chagnon's motion for a preliminary injunction (doc. no. 3), requesting an order that would, among

other things: (1) remove the Boston VARO from further involvement in Chagnon's PTSD claim; (2) expedite the processing of that claim; and (3) direct that Chagnon's VA treating psychiatrist, Dr. Michael Imura, provide the necessary pertinent medical opinion regarding the claim.  The district judge has referred that motion to the magistrate judge for proposed findings of fact and rulings of law, and a recommendation regarding the motion's disposition.  See Order (doc. no. 5).  The factual allegations in the motion for a preliminary injunction supplement and clarify certain matters asserted in the original complaint.  Thus, the complaint in this case is construed to consist of the original complaint, the addendum, and the pertinent contents of the motion for a preliminary injunction (doc. nos. 1, 3, and 4).

## Background

Chagnon is a Vietnam-era veteran.  During his military service, Chagnon served as a counselor to Marines returning to the United States in 1962 and 1963.  Chagnon asserts that he suffered a service-related disability, PTSD, at that time.

Nineteen years ago, Chagnon submitted a claim for benefits related to his allegedly disabling PTSD.  The complaint indicates that within the last ten years, Chagnon has applied at

least twice for VA mental health disability benefits, and that VAROs in Florida and Boston have both denied him those benefits.

Chagnon appealed the Boston VARO's denial of his claim to the Board of Veterans' Appeals ("BVA"), and the BVA remanded the matter in August 2010, directing the VARO on remand to obtain a medical opinion regarding Chagnon's PTSD and its service connection, and further directing that the matter be processed expeditiously.  In response to that August 2010 remand, Concepcion arranged for Chagnon to be examined by Dr. Harland, a VA physician, in December 2010.  Chagnon asserts that Dr. Harland's examination was unprofessional, and that her report was deficient in a number of respects.  Concepcion submitted Dr. Harland's report to the BVA along with other records relating to Chagnon's claim on July 17, 2011, approximately eleven months after the August 2010 remand.

On September 12, 2011, upon finding that Dr. Harland's report lacked a pertinent medical opinion on whether Chagnon's psychosis was service-connected, the BVA remanded the matter to the VARO for a second time.  The BVA directed the VARO to obtain a new medical opinion relating to Chagnon's claim.

Chagnon's claim remains pending before the VARO at this time, following the September 2011 BVA remand.  Chagnon, who is

currently under the care of VA psychiatrist Dr. Michael Imuri for his PTSD, would prefer that Imuri and not Dr. Harland be retained by the VA to provide a medical opinion on his claim. Chagnon is disabled and dependent on monthly SSI payments to pay all of his expenses, and he claims to be suffering extreme financial hardship while awaiting a new decision on his claim for PTSD benefits.

Chagnon claims that Concepcion has been improperly supervised and that, within the last three years, Concepcion and other VA officials have: (a) failed to respond to Chagnon's inquiries; (b) appointed an "unprofessional" VA doctor to deny Chagnon's PTSD claim; (c) failed to publish and follow pertinent VA rules; (d) failed to provide Chagnon an opportunity to confirm that all claim files are before the BVA; and (e) failed to process Chagnon's claim expeditiously.  Chagnon also specifically asserts that between September 2010 and May 2011, Concepcion put in place a plan to withdraw a portion of Chagnon's SSI benefits, which caused Chagnon's monthly SSI payment to drop from $902 per month to $766 per month from January through May 2011.

**Discussion**

Construed liberally, Chagnon's complaint asserts, among other things, that the VA Secretary and the Boston VARO have unreasonably delayed processing Chagnon's claim for PTSD benefits, in violation of his right to due process under the Fifth Amendment.  The Ninth Circuit, in <u>Veterans for Common Sense v. Shinseki</u>, 644 F.3d 845, 881 (9th Cir. 2011), held that 38 U.S.C. § 511(a) did not bar veterans' organizations, on behalf of their members, from asserting a due process claim challenging systemic delays in the processing of benefits claims.  That Ninth Circuit decision is at odds with a Sixth Circuit decision, <u>Beamon v. Brown</u>, 125 F.3d 965, 970-71 (6th Cir. 1997), in which the Sixth Circuit concluded that Congress vested exclusive jurisdiction to address such claims in the Court of Appeals for Veterans Claims.  Neither the Supreme Court, nor the First Circuit has issued any decision on § 511(a) relating to that issue.

**Conclusion**

To assist the court in completing its preliminary review of the complaint and in considering Chagnon's motion for a preliminary injunction (doc. no. 3), the court hereby orders defendants, within thirty days of the date of this Order, to

file a brief, limited to fifteen pages, exclusive of any attached exhibits, addressing the following issues:

    1. Whether this court has jurisdiction to consider plaintiff's claim that the VA Secretary has unreasonably delayed its processing of his claim for veteran's benefits, in violation of Chagnon's right to due process; and

    2. The procedural history and current status of Chagnon's PTSD claim, claim number 22875270, including:

- the timing and location of any medical examination that may be planned for plaintiff, to obtain a medical opinion as directed by the Board of Veterans' Appeals in its order remanding the matter, dated September 12, 2011, and

- the anticipated date of the Boston VARO's disposition of Chagnon's claim.

Once defendants' brief is filed, Chagnon will have thirty days to file a responsive brief. Upon the parties' compliance with this order, the court shall complete its preliminary review and take further action on the pending motion (doc. no. 3).

    **SO ORDERED.**

                                    Landya McCafferty
                                    United States Magistrate Judge

November 16, 2011

cc: John F. Chagnon, pro se

LBM:nmd